BRADLEY G. TAYLOR, ESQ.
Nevada Bar No. 13778
**GORDON REES SCULLY MANSUKHANI, LLP**
300 S. 4th Street, Ste. 1550
Las Vegas, NV 89101
Phone: (702) 577-9300
Direct Line: (702) 577-9341
Fax: (702) 255-2858
E-Mail: btaylor@grsm.com

CHRISTOPHER B. QUEALLY*
**GORDON REES SCULLY MANSUKHANI, LLP**
5 Park Plaza, Suite 1100
Irvine, CA 92614
Phone: (949) 255-6975
Fax: (949) 474-2060
E-Mail: cqueally@grsm.com

*Attorneys for Plaintiff*
*PETER SCHULTZ, individually and as*
*Trustee of the SUNSHINE AND RAIN ASSET*
*MANAGEMENT IRREVOCABLE TRUST*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER SCHULTZ, individually and as trustee of the SUNSHINE AND RAIN ASSET MANAGEMENT IRREVOCABLE TRUST, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN BATTERY TECHNOLOGY COMPANY, INC., a Nevada Corporation; ACTION STOCK TRANSFER COMPANY, INC., a Utah Corporation, and DOES 1 to 10, Inclusive, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR:** <br><br> 1. **VIOLATION OF DUTY TO REGISTER CERTIFICATED SHARES UNDER N.R.S. § 104-8401, *ET SEQ.*** <br><br> 2. **BREACH OF CONTRACT** <br><br> 3. **CONVERSION** <br><br> 4. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** <br><br> 5. **INJUNCTIVE RELIEF** <br><br> *WILL COMPLY WITH LR IA 11-2 WITHIN 30 DAYS |

Peter Schultz, individually and as trustee of the Sunshine and Rain Asset Management Irrevocable Trust, hereby alleges:

**THE PARTIES**

1.     Plaintiff Peter Schultz (hereinafter "Plaintiff" or "Mr. Schultz") is an individual

who is and at all times relevant was a citizen and resident of the State of Oregon.

2.     Plaintiff is the trustee of The Sunshine and Rain Asset Management Irrevocable Trust (hereinafter periodically "the Trust"), a Wyoming irrevocable trust administered in the State of Wyoming.

3.     Defendant American Battery Technology Company, formerly American Battery Metals Corporation, and formerly Oroplata Resources, Inc. (hereinafter "Defendant" or "ABML" or "the Company") is a corporation organized under the laws of the State of Nevada with its principal place of business in Washoe County, Nevada.  ABML is a citizen of Nevada and domiciled in Nevada.

4.     Defendant Action Stock Transfer Corporation ("AST") is a corporation organized under the laws of the State of Utah with its principal place of business in Salt Lake County, Utah. Plaintiff is informed and believes and thereon alleges AST acts, and has agreed to act, as the agent for numerous Nevada corporations including, e.g., American Rebel Holdings, Inc., Plata Resources, Inc., and other Nevada corporations in addition to ABML.  Plaintiff is informed and believes and thereon alleges that AST, as the agent for numerous Nevada corporations, maintains the shareholder registers, share certificates, and other corporate documents of various Nevada corporations to which Nevada corporate shareholders have rights of inspection and other rights. Plaintiff is informed and believes and thereon alleges AST has entered into numerous contracts with Nevada corporations to act as the transfer agent for such corporations with their principal place of business in Nevada and, by earning income from contracts in Nevada, has subjected itself to the jurisdiction of courts in Nevada.

5.     Plaintiff is presently unaware of the names and capacities of the defendants sued herein as Does 1-10, inclusive.  Plaintiff will seek leave of court to amend this Complaint to allege said defendants' true names and capacities as soon as Plaintiff ascertains them.  Plaintiff is informed and believes and thereon alleges that each of the Doe defendants is responsible in some manner for the occurrences herein alleged and for Plaintiff's damages.

6.     Plaintiff is informed and believes and thereon alleges that, at all times herein alleged, each of the defendants named in this complaint was the agent, partner, co-venturer,

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1    and/or co-conspirator of each of the remaining defendants, and, in doing the things herein

2    alleged, was acting within the course and scope of such agency, partnership, venture, and/or

3    conspiracy, each with the permission, consent, or ratification of each of the other defendants.

4                                      **JURISDICTION AND VENUE**

5          7.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

6    1332, as there is complete diversity of citizenship among the parties and the amount in

7    controversy, exclusive of interest and costs, exceeds $75,000.

8          8.       Venue for this action is proper in this district pursuant to 28 U.S.C. § 1391(b)(2)

9    and (3) because the shares whose registration was requested are part of the common stock of

10   ABML, a Nevada corporation; the dispute involves the register of the transfer of shares of a

11   Nevada corporation; and ABML is a Nevada corporation.

12                                       **FACTUAL ALLEGATIONS**

13         9.       Plaintiff Peter Schultz is a business consultant and marketing professional who

14   provides consulting services to start-up companies seeking capital and growth.  Mr. Schultz

15   assists in locating and hiring key personnel, forming business alliances, generating vendor

16   relationships, and accessing capital markets.

17         10.      Mr. Schultz is based in Oregon where he publishes a monthly financial newsletter

18   on emerging investment opportunities under the brand name Cashflow Heaven Publishing, Inc.

19   ("Cashflow").  Mr. Schultz has hundreds of subscribers in the U.S. and, in addition, personally

20   advises individuals who qualify as accredited investors under the Rules of the Securities and

21   Exchange Commission ("SEC").  Mr. Schultz has a strong track record of nurturing start-up

22   clients (primarily in the technology and energy sectors) from inception to listing on major U.S.

23   and international stock exchanges.

24         11.      ABML is a Nevada corporation formed in 2011.  ABML's primary assets are a

25   partially-completed battery metals recycling plant in Fernley, Nevada, and ABML's claim to

26   over 10,000 acres of claystone lithium-bearing resources in Tonopah, Nevada.  ABML is, and at

27   all relevant times was, a public reporting "QB" OTC Markets company.  The Company filed a

28

1  Form 8-A with the SEC on October 17, 2013, establishing it as a mandatory publicly reporting

2  issuer.

3       12.     AMBL was originally named Oroplata Resources and in approximately 2018,

4  Douglas Cole, a financial professional based in California, was hired as Chairman of the Board,

5  Chief Executive Officer, and Chief Financial Officer.

6       13.     After Mr. Cole's hiring in 2018, ABML retained Mr. Schultz to provide business

7  consulting and marketing services in exchange for shares of ABML.  ABML and Mr. Schultz

8  ultimately entered into two contracts for Mr. Schultz's services: the first in 2018 was entitled

9  Consulting Agreement Between Oroplata Resources Inc. and Peter Schultz; and the second in

10 2021 was entitled Consulting Agreement Between American Battery Technology Company Inc.

11 and The Sunshine and Rain Asset Management Irrevocable Trust (hereinafter collectively "the

12 Agreements").  Both Agreements were signed by Douglas Cole as CEO and Chairman of the

13 Board of ABML and by Mr. Schultz.  Mr. Schultz, individually or as trustee of the Trust, has,

14 pursuant the Agreements, located and vetted key personnel for ABML, marketed the Company

15 to Mr. Schultz's subscribers and others, assisted in raising capital, and advised the Company's

16 management on issues pertaining to capital and growth.

17      14.     ABML acknowledged Mr. Schultz's status as a vendor by, inter alia, identifying

18 Mr. Schultz as a third party vendor in ABML's OTCQB Certification filed with OTC Market

19 Group, Inc. on November 12, 2020.  A true and correct copy of ABML's November 12, 2020

20 OTCQB Certification is attached hereto as **Exhibit 1** and incorporated herein by reference.

21      15.     As compensation under the Agreements ABML agreed to issue 500,000 shares of

22 ABML common stock, par value $0.01 for Mr. Schultz's initial work, and 100,000 shares of

23 common stock each mother thereafter.  Mr. Schultz, through the Trust, began invoicing ABML

24 in September 2018, first for the initial 500,000 shares, and then for 100,000 shares for each

25 month thereafter.  ABML never objected to any of the billing, or raised any concerns with the

26 terms of the Agreements or Mr. Schultz's performance.  Under the terms of the Agreements the

27 shares were to be validly issued, fully-paid and non-assessable when issued.  The 2018

28 Agreement provided for an original term of one year with a 6 month extension beginning

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

September 2019 if ABML was satisfied with Mr. Schultz's performance, which is what occurred. Mr. Cole and Mr. Schultz orally agreed, as a modification of the 2018 Agreement, that Mr. Schultz would continue working through the end of 2020 and would be compensated 100,000 shares monthly, fully paid and non-assessable when issued.  In December 2020, ABML wanted to continue Mr. Schultz's services through 2021 and offered to compensate Mr. Schultz/the Trust for all of their 2021 services in advance with one lump issuance of 1.2 million shares.  The parties eventually entered into the second Agreement on January 1, 2021, with terms that were similar to the 2018 Agreement save for the fact Mr. Cole agreed on behalf of ABML to issue the 2021 compensation in a lump sum of 1.2 million shares.  Neither Mr. Cole nor his successor as CEO, Ryan Melert, complained about the value of the services Mr. Schultz provided or the compensation to be paid.

16.    ABML ultimately issued to Mr. Schultz and/or the Trust 4,300,000 shares of common stock of ABML in book form from September 2018 through January 2021 as compensation for Mr. Schultz's services under the Agreements.  All shares were issued through ABML's stock transfer agent AST.  Each of the shares were issued with a legend restricting their sale or transfer in the absence of SEC registration or an exemption.

17.    In approximately October 2020, Mr. Schultz, through Fidelity Investments where Mr. Schultz maintains a brokerage account, made a request to AST, as the issuer's transfer agent, to remove the restrictive legend from 1,197,500 shares that had been issued so that they could be sold on the open market.  The request was accompanied by an opinion letter from Peter J. Wilke, Esq. providing that the restrictive legend could be removed pursuant to the registration exemption under SEC Rule 144 because all of the requirements for exemption had been met, including the six month waiting period following issuance of the shares with the restrictive legend.  AST and ABML, in response, removed the restrictive legend and the 1,197,500 shares were transferred to Mr. Schultz's Fidelity account and eventually sold.

18.    Mr. Schultz, in 2022, sought to remove the restrictive legend and transfer the remaining 3,102,500 shares issued by ABML to Mr. Schultz as compensation.  The 3,102,500 shares were issued by ABML as compensation under the Agreements as follows:

| Date Issued | Certificate No. | No. of Shares |
|---|---|---|
| 10/12/2020 | 700530 | 1,700,000 |
| 12/29/2020 | 700563 | 1,200,000 |
| 03/26/2021 | 700727 | 202,500 |
| Total | | 3,102,500 |

19.     Each of the 3,102,500 shares were issued in the name of the Trust and with a legend restricting their sale or transfer in the absence of registration or an exemption.  The 3,102,500 shares were issued in book form, fully paid and non assessable, and maintained by AST as ABML's transfer agent.  A true and correct copy of an Individual Share Holder Report issued by AST reflecting the 3,102,500 shares issued by ABML and owned by Mr. Schultz through the Trust is attached hereto as **Exhibit 2** and incorporated herein by reference.

20.     Mr. Schultz, as he had previously, caused his financial representative at Fidelity to contact AST in 2022 to request removal of the restrictive legend and transfer of the shares to Fidelity.  On July 29, 2022, Peter J. Wilke, Esq., on behalf of Mr. Schultz, sent an opinion letter to AST and ABML wherein Mr. Wilkie opined that all of the requirements for exemption from registration under Rule 144 had been met and the restrictive legend on the 3,102,500 shares could and should be removed.  Mr. Wilke transmitted a second letter to AST and ABML on September 20, 2022, with the same opinions which supplant the July 29, 2022 letter.  Moreover, in the September 20, 2022 letter Mr. Wilke requested of both AST and ABML, on behalf of Mr. Schultz as the shareholder of ABML, that the restrictive legend be removed from Mr. Schultz's 3,102,500 shares so that they could be sold.  A true and correct copy of Mr. Wilke's September 20, 2022 letter is attached hereto as **Exhibit 3** and incorporated herein by reference.

21.     Mr. Wilke's September 20, 2022 letter constituted a request by Mr. Schultz, as an ABML shareholder, to register the transfer of a certificated security under the Uniform Commercial Code § 8-401, as adopted in Nevada Revised Statute § 104.8401.  As of September 20, 2022, when the letter was transmitted, ABML's shares were trading on the OTC market at $0.65 per share and it was the intent of Mr. Schultz to sell such shares.

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

22.     Neither ABML nor AST responded to the September 20, 2022 request.   One week later on September 27, 2022, Mr. Schultz's counsel, Gordon Rees Scully Mansukhani, LLP ("GRSM") transmitted another letter to both ABML and AST with attachments wherein GRSM, on behalf of Mr. Schultz, made a second request for the removal of the restrictive legend and transfer of the 3,102,500 shares.

23.     ABML and AST, in response to the September 20, 2022 and September 27, 2022 requests, were obligated to take all steps necessary to effectuate transfer of the shares.  Neither ABML nor AST have removed the restrictive legends from Mr. Schultz's 3,102,500 shares, nor registered the shares.

## FIRST CAUSE OF ACTION

### (For Violation of Duty to Register Certificated Shares under N.R.S. § 104-8401, *et seq.* Against ABML and AST)

24.     Mr. Schultz repeats and re-alleges all allegations contained in paragraphs 1 through 23 above as if fully set forth herein.

25.     Mr. Schultz, either individually or as trustee of the Trust, has at all relevant times been the holder of 3,102,500 shares of ABML common stock issued by ABML October 12, 2020, December 29, 2020, and March 26, 2021 in book form, as evidenced by Certificate Nos. 700530, 700563, and 700727.  The 3,102,500 shares were fully-paid and non-assessable by ABML when issued.  The 3,102,500 shares are subject to the exceptions set forth in SEC Rule 144 promulgated under the Securities Act of 1933, 15 U.S.C. § 77a, et seq.

26.     More than six months has elapsed since the 3,102,500 shares were issued by ABML to Mr. Schultz.

27.     Mr. Schultz duly requested ABML and AST register the transfer of the 3,102,500 shares twice in September 2022.

28.     ABML was obligated to take all steps necessary to effectuate register the transfer of the shares.

29.     ABML has wrongfully and unreasonably failed and refused to fulfill ABML's duty to register Mr. Schultz's shares for transfer.

30.     As a direct and proximate result of ABML's unreasonable failure and refusal to register transfer of Mr. Schultz's shares, Mr. Schultz has been damaged in an amount to be determined at trial but in excess of $75,000 which includes the decrease in the value of ABML stock from the date Mr. Schultz requested the register of the transfer of shares to the present.

31.     AST, as ABML's transfer agent, is equally liable for ABML's unreasonable failure and refusal to register transfer of the shares.

**SECOND CAUSE OF ACTION**

**(For Breach of Contract Against ABML and Does 1 through 10)**

32.     Mr. Schultz repeats and re-alleges all allegations contained in paragraphs 1 through 31 above as if fully set forth herein.

33.     ABML and Mr. Schultz entered into two enforceable contracts for Mr. Schultz's services in 2018 and 2021, the Agreements.  Pursuant to the terms of the Agreements and modifications Mr. Shultz agreed to perform consulting, marketing and business advisory services, and in exchange ABML agreed to issue fully paid, non-assessable shares of ABML common stock, which is publicly traded.

34.     Mr. Schultz performed all of the material terms of the Agreements except for those terms and conditions from which Mr. Schultz was excused due to ABML's breach.

35.     ABML breached the Agreements by failing and refusing to take all steps necessary to register the transfer of the shares upon Mr. Schultz's multiple requests.

36.     ABML's breach was a substantial factor in causing damages to Mr. Schultz in excess of $75,000.

**THIRD CAUSE OF ACTION**

**(For Conversion Against ABML and Does 1 through 10)**

37.     Mr. Schultz repeats and re-alleges all allegations contained in paragraphs 1 through 36 above as if fully set forth herein.

38.     When the 3,102,500 shares were issued by ABML to Plaintiff they were fully paid and non-assessable as they were issued as compensation for services Plaintiff had rendered to ABML.  By the time of the issuance and certainly by September 2022, Plaintiff had materially

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1   performed all obligations under the Agreements for issuance of the compensation.

2       39.     At the time of the issuance of the ABML shares October 12, 2020, December 29,

3   2020 and March 26, 2021, Plaintiff owned the shares free and clear of any liens, claims, or

4   encumbrances in favor of ABML or any other party.

5       40.     ABML knew or reasonably should have known the 3,102,500 shares were owned

6   by Mr. Schultz, that they were fully paid and non-assessable, and that they represented

7   compensation paid by ABML to Mr. Schultz for performance under the Agreements.  Neither

8   ABML nor any other party besides Mr. Schultz had right or claim to the 3,102,500 shares.

9       41.     ABML, unreasonably and without cause, failed and refused to register the transfer

10  of the 3,102,500 shares when requested by Mr. Shultz on September 20, 2022 and September 27,

11  2022.

12      42.     As a direct and proximate result of ABML's actions, Plaintiff has been deprived

13  of the economic benefits of ownership of the 3,102,500 shares.

14      43.     ABML's conversion of Plaintiff's shares was done knowingly, maliciously and

15  with intent to deprive Plaintiff of the economic benefits of ownership of 3,102,500 shares of

16  ABML common stock.

17                      **FOURTH CAUSE OF ACTION**

18  **(For Breach of the Implied Covenant of Good Faith and Fair Dealing Against ABML and**

19                      **Does 1 through 10)**

20      44.     Mr. Schultz repeats and re-alleges all allegations contained in paragraphs 1

21  through 43 above as if fully set forth herein.

22      45.     ABML and Mr. Schultz entered into two enforceable contracts for Mr. Schultz's

23  services in 2018 and 2021, the Agreements.  Pursuant to the terms of the Agreements and

24  modifications Mr. Shultz agreed to perform consulting, marketing and business advisory

25  services, and in exchange ABML agreed to issue fully paid, non-assessable shares of ABML

26  common stock which is publicly traded.  ABML owed a duty to Plaintiff to act in good faith

27  under the Agreements and not to deprive Mr. Schultz of the benefits of the contracts.

28      46.     Mr. Schultz performed all of the material terms of the Agreements except for

*Gordon Rees Scully Mansukhani, LLP*
*300 S. 4th Street, Suite 1550*
*Las Vegas, NV 89101*

1    those terms and conditions from which Mr. Schultz was excused due to ABML's breach.

2        47.    ABML breached the Agreements.  ABML also acted unfairly and in bad faith by

3    unreasonably failing and refusing to take all steps necessary to register transfer of the 3,102,500

4    shares when requested by Mr. Schultz, a contracting party and shareholder.  ABML's failure and

5    refusal to take all steps necessary to register transfer of the 3,102,500 shares when requested by

6    Mr. Schultz constitutes a breach of the implied covenant of good faith and fair dealing and has

7    deprived Mr. Schultz of the material benefits of the Agreements.

8        48.    Mr. Schultz has suffered damages in an amount in excess of $75,000 which were

9    substantially caused by ABML's breach of the implied covenant of good faith and fair dealing.

10                            **FIFTH CAUSE OF ACTION**

11                **(For Injunctive Relief Against ABML and Does 1 through 10)**

12        49.    Mr. Schultz repeats and re-alleges all allegations contained in paragraphs 1

13    through 48 above as if fully set forth herein.

14        50.    ABML has acted and is continuing to act in a manner to cause harm to Mr.

15    Schultz.

16        51.    ABML's refusal to take all steps necessary to register transfer of the 3,102,500

17    shares without restriction has, and will, cause Mr. Schultz to suffer irreparable harm because it

18    prohibits Mr. Schultz from selling the 3,102,500 shares while the value of the shares is

19    depreciating.

20        52.    Plaintiff is now incurring losses and damage and will continue to incur losses and

21    damage if Plaintiff is prohibited from selling the 3,102,500 shares.

22        53.    Additionally, if not enjoined by order of this Court, ABML will continue to

23    unlawfully refuse to take all steps necessary to register the transfer of the 3,102, 500 shares and

24    Plaintiff will suffer irreparable harm because Plaintiff cannot resell the shares if ABML does not

25    remove the restrictive legend.

26        54.    Mr. Schultz does not have a plain, speedy, and adequate remedy in the ordinary

27    course of law.  Injunctive relief is warranted now because the value of ABML's common stock

28    will decline and thereby subject Mr. Schultz to damages due to the volatile nature of OTC stock

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

trading. Mr. Schultz also has no plain, speedy, and adequate remedy at law because Mr. Schultz cannot do anything with the shares unless and until ABML causes the restrictive legends to be removed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Peter Schultz, individually and as trustee of the Sunshine and Rain Asset Management Irrevocable Trust, prays for relief as set forth below.

1. Compensatory damages in a sum in excess of $75,000 according to proof;

2. Punitive and exemplary damages;

3. Prejudgment interest;

4. Specific performance under the contracts alleged;

5. A permanent injunction directing Defendant American Battery Technology Company, Inc. to take all steps necessary to register the shares in the name of The Sunshine and Rain Asset Management Irrevocable Trust;

6. Attorney's fees and costs; and

7. Such other and further relief as the Court deems necessary, just and proper.

DATED this 22nd day of November 2022.

GORDON REES SCULLY
MANSUKHANI, LLP

/s/ Bradley G. Taylor
BRADLEY G. TAYLOR, ESQ.
Nevada Bar No. 13778
300 S. 4th Street, Ste. 1550
Las Vegas, NV 89101

CHRISTOPHER B. QUEALLY*
GORDON REES SCULLY
MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614

Attorneys for Plaintiff
PETER SCHULTZ, individually and as
Trustee of the SUNSHINE AND RAIN
ASSET MANAGEMENT IRREVOCABLE
TRUST

1

## **TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| **1.** | ABML's November 12, 2020 OTCQB Certification |
| **2.** | Individual Share Holder Report issued by AST reflecting the 3,102,500 shares issued by ABML and owned by Mr. Schultz through the Trust |
| **3.** | Mr. Wilke's September 20, 2022 letter |

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101